## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

LANE BROTHERS & COMPANY·V. BOTT.

November 23, 1905.

1. NEW TRIAL.—*Admission of Illegal Evidence—Demurrer to Evidence—Case at Bar.*—As a general rule, if the admission of illegal evidence may have been prejudicial, even though it is doubtful whether it was or not, it is reversible error, but the general rule is subject to the exception that if in such case there is a demurrer to evidence, and an alternative verdict, and, after disregarding upon such demurrer such illegal evidence introduced by demurree and treating the residue of the evidence as is proper under the rules applicable to demurrers to evidence, there is plainly enough evidence to sustain a judgment for the demurree, the admission of the illegal evidence will not reverse, otherwise it will.

2. DEMURRER TO EVIDENCE—*Contributory Negligence—Convicting Evidence—Case at Bar.*—In an action to recover damages for personal injuries, the burden is on the defendant to establish the contributory negligence of the plaintiff. If the jury might have found the plaintiff not guilty of contributory negligence, it is the duty of the court, upon a demurrer to the evidence, by the defendant, so to decide. In the case at bar, it is unnecessary to invoke this rule, as the servant had the right to rely upon assurances given to him by a vice principal without employing precautions which ordinary prudence might otherwise have suggested.

3. VERDICTS—*Excessive —Case at Bar.*—The verdict of a jury in an action for personal injuries will not be set aside as excessive or unreasonable when there is no pretense that the jury were actuated by partiality or prejudice. In the case at bar the verdict was well warranted by the evidence.

Error to a judgment of the Circuit Court of Shenandoah county, in an action of trespass on the case, overruling defendants' demurrer to the evidence. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Walton & Walton* and *Downing & Richards,* for the plaintiffs in error.

*Tavenner & Bauserman* and *Barton & Boyd,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a personal injury case in which judgment was rendered on behalf of the defendant in error (the plaintiff in the trial court) upon a demurrer to the evidence. It is a companion case to that of *Lane Bros. & Co.* v. *Bauserman,* 103 Va. 146, 48 S. E. 857; and as both cases had their origin in a common accident, reference may be had to the opinion in the latter for a concise statement of the facts in the former case.

The Bauserman case was submitted to a jury, and from an adverse verdict and judgment Lane Bros. & Co. obtained a writ of error to this court. The case was affirmed in all respects, except that the refusal of the lower court to permit certain questions to be answered was held to be reversible error. Hence, it may be remarked, that most of the assignments of error relied on here have been resolved adversely to the pretensions of the plaintiffs in error in the Bauserman case.

The open questions in this case involved, for the most part the action of the trial court with respect to the admission of certain alleged illegal testimony.

The general rule on the subject is that the improper admission of evidence, which may have been prejudicial, constitutes reversible error; and this is true even though it be doubtful

whether in fact such evidence was or was not prejudicial. *Ins. Co.* v. *Trear,* 29 Gratt. 255; *Payne's Case* (Va. Rep. Anno.), 31 Gratt. 855, and note; *N. & W. Ry. Co.* v. *Briggs,* 103 Va. 105, 48 S. E. 521.

But the general rule is subject to the exception, that "if in such case there is a demurrer to the evidence, and an alternative verdict, and, after disregarding upon such demurrer such illegal evidence, and treating the balance of the evidence as is proper under the rules applicable to demurrers to evidence, there is plainly enough evidence to sustain a judgment for the demurree, the admission of the illegal evidence will not reverse, otherwise it will." *Taylor* v. *B. & O. R. Co.* (W. Va.), 10 S. E. 29.

From the standpoint of a demurrer to the evidence, applying the foregoing exception to the case in hand, the admissible, relevant evidence is ample to sustain the judgment under review. In that aspect, the case presented is briefly as follows: The defendant in error, who was a laborer in the rock quarry of the plaintiffs in error, was absent from the quarry when the hole in question was loaded, and on his return several days afterwards was ordered by the acting superintendent to drill out the hole, when, in response to the direct inquiry, he was informed that it was not loaded. In obedience to orders, and relying upon the assurance of the vice-principal, he and his unfortunate companions, operating a heavy, twelve-foot steel churn-drill, drove down upon a charge of powder, capped with an electric exploder; whereupon the explosion which resulted inflicted the injuries complained of.

The plaintiffs in error seek to escape liability on the ground that the defendant in error was guilty of contributory negligence. The evidence on that point was conflicting. The burden of establishing it rested upon the plaintiffs in error, who saw fit, by demurrer to the evidence, to withdraw that question from the consideration of the jury. The rule in such case is, that if the jury *might* have found the demurree not guilty

of contributory negligence the court *must* so find. But it is not necessary to invoke that principle in order to sustain the judgment of the trial court in this instance. The superintendent had lulled the defendant in error into a delusive sense of security by the false statement that the hole was unloaded, and he had a right to rely upon that assurance without employing precautions which ordinary prudence might otherwise have suggested.

Under these circumstances it is obvious that, upon a demurrer to the evidence, no other judgment could have been properly rendered in the case.

The remaining assignment of error, that the damages assessed by the jury ($1,205) are excessive and unreasonable, is without merit. There is no pretense that the jury were actuated by prejudice or partiality in arriving at their verdict, and the serious character of the injuries sustained by the defendant in error fully justified their finding. His left hand was broken and otherwise injured; his face cut and burned with powder; and a section of his teeth "knocked loose." Besides, it appears that his wage-earning capacity has been reduced from $1.25 to $1.00 per day.

Upon the whole case, the judgment is plainly right, and must be affirmed.