# Richmond.

## FENTRESS v. POCAHONTAS FOWLING CLUB. .

### March 12, 1908.

1. DEMURRER TO EVIDENCE—*Waiver—Title Papers in Ejectment.*—A demurrer to evidence, in an action of ejectment, does not have the effect of excluding from the consideration of the court the title papers of the demurrant. If a junior patent covers land embraced by a senior patent, there is a conflict in the grants to the extent that the same land is covered by both, but this is not a conflict of evidence. The grants do not contradict each other. The Commonwealth issued both.

2. APPEAL AND ERROR—*Excluding Evidence in Trial Court—Bill of Exception.*—The ruling of. a trial court in excluding portions of certain depositions offered in evidence in the trial of an action at law will not be noticed in this court where no bill of exceptions was taken to the ruling.

3. BOUNDARIES—*Natural Objects—Water—Course and Distance.*—In ascertaining the boundaries of surveys or grants, if natural or permanent objects are called for as a boundary of the land, they control, and courses and distances must yield. A water boundary, though run by course and distance, will be controlled by the actual course of the shore, and the grant giving such boundary passes the right to the property to low water mark.

4. BOUNDARIES—*Water—Course and Distance—Case at Bar.*—The fact that neither corners nor marked trees are called for in the grant under consideration in this cause, but that water courses are given as boundaries on each side as well as courses and distances, is a pregnant circumstance, to show that the waters called for, and not courses and distances were intended to define the boundaries of the land, since the statute in force when the grant was made required the surveyor making the survey to see that the same was plainly bounded by marked trees or other objects, *except where a water course* or an ancient marked line is boundary.

Error to a judgment of the Circuit Court of Princess Anne county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Leo Judson,* for the plaintiff in error.

*William Leigh Williams* and *B. D. White,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This is an action of ejectment in which the plaintiff in error was the plaintiff in the court below. The plaintiff claims title under a patent or grant issued in the year 1890 for three and one-half acres of land, and which calls for the beginning corner of the land "at a post on the bay in Williams' line."

The defendant derived title under a patent or grant to Thomas Williams and others in 1860, in which the land granted is described as, "a certain tract or parcel of land containing five hundred and eighty-four acres, two roods and twenty-five poles, lying in Princess Anne county, being marsh land, known as Long Point, situated to the eastward of Mosse's Point, bounded on the north by Back Bay, on the east by Knott's Island Bay, on the south by Southwest Cove and Bailey's Island Bay, and on the west by Bailey's Island Bay and Back Bay, and bounded as follows: Beginning at a chinquapin stob on Long Point, on Little Cove," and then calls for the courses and distance of thirty-six lines without any corners or marked lines, "to the beginning, with its appurtenances."

If the grant be construed to "bound on" the bays or waters called for and to run with the sinuosities of their shore lines, which surround "Long Point," it includes the land claimed and sued for by the plaintiff. But if the courses and distances called for shall control and be established as its boundary, the

land claimed by the plaintiff is not embraced within the grant. The construction therefore of the grant in this particular, involves the main point for our consideration, and its decision will be conclusive of the rights of the parties in this case.

Before discussing that point, it will be necessary to consider two preliminary questions raised by the plaintiff in his petition for the writ of error.

After the parties had introduced their title papers and the other evidence relied on to sustain their respective contentions, the defendant demurred to the evidence. It is insisted by the plaintiff that the effect of this was not only to exclude the parol evidence of the defendant which was in conflict with the plaintiff's evidence, but also the grant under which the defendant claimed, because, as is insisted, it contradicts, or is in conflict with, the plaintiff's grant.

This is manifestly not so. If it were, this result would follow, under the provisions of section 3484 of the Code: If the defendant had not demurred to the evidence, but the case had gone to the jury or the parties had submitted the whole question of law and fact to the court, and the one had found a verdict, or the other had rendered judgment, against the defendant, and it had brought the case here for review, upon the ground that the verdict or judgment, as the case might be, was contrary to the evidence, this court would have to sustain the judgment, although there was no evidence in the case except the title papers of the parties by which each connected himself with the Commonwealth, and uncontradicted evidence that the land sued for by the junior patentee was embraced within the boundaries of the senior grant, under which the defendant derived title; in other words, that the right of the junior patentee, who took nothing by his grant, was superior to that of the defendant who held the Commonwealth's title.

If it be true that the junior grant covers land embraced by the senior, there is a conflict in the grants to the extent that the same land is covered by both. But this is not a conflict of

evidence. The grants do not contradict each other. The Commonwealth issued both. Their construction and legal effect were questions for the court (*New River Mineral Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300; *City of Richmond* v. *Gallego Mills,* 102 Va. 165, 172, 45 S. E. 877), whether the case was left to a jury for decision, or a jury was waived and all matters of law and fact submitted to the court, or the case was withdrawn from the jury by a demurrer to the evidence. If there was any doubt as to the true location of the grant, or any question as to the application of either to its proper subject matter, those were questions, not of construction, but of location, to be determined by the jury by the aid of extrinsic evidence. *Reusens* v. *Lawson,* 91 Va. 235, 21 S. E. 347. A demurrer to evidence, in an action of ejectment, does not have the effect of excluding from the consideration of the court the title papers of the demurrant.

The action of the court in excluding portions of certain depositions offered in evidence by the plaintiff is assigned as error. As no bill of exceptions was taken to this ruling of the court, that assignment of error need not be further noticed.

Having disposed of these questions, we will now consider whether or not the land sued for was embraced within the limits of the prior grant, under which the defendant derived title.

The uncontradicted evidence in the case is that the marsh land known as "Long Point" is an island entirely surrounded by the bays or waters called for in the prior grant. In that grant the land is described as marsh land "known as Long Point, situated to the eastward of Moses' Point *bounded* by" certain bays heretofore set out. Then follows the description by course and distance, calling for the beginning corner "at a chinquapin stob on Little Cove," and for the intermediate courses and distances to and including the last line, which are, as appears from the survey made in the cause, in the general direction of the shore line of the waters surrounding the island

and called for by the grant. In none of the courses and distances are corners or marked lines called for, except at the beginning corner. There the corner called for is an object on the shore line.

In ascertaining the boundaries of surveys or grants, the universal rule is that wherever natural or permanent objects are called for as a boundary of the land, they control, and course and distance must yield. *French* v. *Bankhead,* 11 Gratt. 136, 156; *Brown* v. *Huger,* 21 How. 305, 318, 16 L. Ed. 125; *Bruce* v. *Taylor,* 2 J. J. Marshall (Ky.), 160, 162.

In *French* v. *Bankhead, supra,* it was held, that the water boundary, though run by course and distance, would be controlled by the actual course of the shore, and that the grant would pass the right to the property to the low water mark.

In *Lodge's Lessee* v. *Lee,* 6 Cranch. 237, 3 L. Ed. 210, it was decided, that the grant of an island by name in the Potomac river, superadding the courses and distances of the lines thereof, which on re-survey were found to exclude part of the island, passed title to the whole of it.

"Where a stream is made the boundary of a grant," says Farnham on Waters and Water Rights, sec. 420, "the boundary will follow the course of the stream in its meanderings; and the fact that lines are attempted to be run along the bank, which do not in fact correspond with the course of the stream, is immaterial—at least where the corners of the courses designated are not specified."

The fact that neither corners nor marked lines are called for in the grant under consideration is a pregnant circumstance to show that the waters called for, and not course and distance, were intended to define the boudaries of the land, since the statute in force when the survey was made upon which the grant was based, made it the duty of the surveyor making the survey to see that the same was plainly bounded by marked trees or other objects, *except where a* water course or an ancient marked line is a boundary. Code, 1849, ch. 112; sec. 18, p. 482.

There is no room for any other legal construction of the senior grant than that the waters called for and surrounding it, and not the courses and distances called for, constitute the true boundary of the land granted.

The judgment complained of must be affirmed.

*Affirmed.*