Statement.

## Richmond.

MILTON'S ADMINISTRATRIX v. NORFOLK & WESTERN RAILWAY
COMPANY.

November 19, 1908.

1. APPEAL AND ERROR—*Record—Certification.*—There is no merit in the
   contention that the evidence delivered at the trial has not been
   sufficiently certified to this court. The record is sufficient in this
   respect.

2. DEMURRER TO EVIDENCE—*When it Should be Overruled—Case at Bar—
   Railroads—Negligence.*—If, upon a demurrer to the evidence, the
   evidence is such that the jury might have found a verdict for the
   demurree, the court must so find, and grant judgment in his favor.
   Furthermore, where reasonably fair-minded men might differ about
   a question, such question, on a demurrer to the evidence, must be
   decided against the demurrant. In the case at bar, there was evi-
   dence tending to show that the plaintiff's intestate, a fireman on
   a locomotive engine, was killed by the negligent manner in which
   the train was operated by the engineer in charge and also that the
   accident resulted from the train being run with the engine and
   tender operated backwards. Under such circumstances, the demur-
   rer to the evidence of the defendant should have been overruled and
   judgment given for the plaintiff.

3. PERSONAL INJURY—*Proof—Preponderance of Evidence*—A plaintiff, in
   an action to recover damages for a personal injury, is no more
   required to prove his case beyond a reasonable doubt than in any
   other civil action. All that he is required to do to make out a
   *prima facie* case is to make it appear to be more probable that the
   injury was the proximate result of the defendant's negligence than
   any other cause.

Error to a judgment of the Circuit Court of Warren county
in an action of trespass on the case. Judgment for the defend-
ant. Plaintiff assigns error.

*Reversed.*

On the preliminary question as to whether the evidence adduced at the trial was properly made a part of the record, the contention of counsel on opposing sides was, respectively, as follows:

Of counsel for defendant in error.

Before discussing this case on the law and the evidence we desire to submit a preliminary question: Is what purports to be the evidence from page 76 of the printed record to page 436, a part of the record?

It will not be considered, as we understand the law, unless its correctness and accuracy is vouched for by the judge and not by the clerk. The demurrer to the evidence tendered by the defendant on pages 67 and 70 made certain evidence a part of the record. The order of the court on the demurrer to the evidence (page 71 of the record) is in part in these words:

"And the court *under* said judge having fully considered the demurrer to the evidence tendered by the defendant company in which the plaintiff joined as set forth in former order and having heard the arguments of the counsel thereon and having fully considered the evidence filed with the said demurrer and now in the record in a bound volume marked 'X,' sustains the demurrer to the evidence    *    *    *    "

Observe that this evidence is in a bound volume marked "X" by the judge. Bill of exception No. 5 (page 75 of the record) is in the following words:

"Be it remembered that upon the trial of this case the plaintiff and defendant to maintain the issue on their respective parts and produces evidence as follows. (Here insert stenographer's transcript of the evidence endorsed *Lena May Milton, Admr.* v. *Norfolk & Western Railway Co.* now made a part of the record marked 'evidence,' and this being all the evidence &c."

These are the only two places where the evidence is identified at all. On page 76 the first certificate of the clerk is:

"That the foregoing is a true transcript from the record of said court, and of all the portions of the record in said cause that I have been requested to copy."

The certificate just below that and preceding what purports to be the evidence, describes the record as "The foregoing and annexed copy is a true transcript of the record" (page 76). On the left-hand side and opposite to the clerk's signature is marked, "clerk's fee $100.00." Below that is a line in the middle of the page, followed by the words in large letters:

"IN THE CIRCUIT COURT FOR THE COUNTY OF WARREN, VA.

May Term, 1907.

*Lena May Milton, Adm'x of John W. Milton, deceased, plaintiff*

*v.*

*Norfolk & Western Railway Company, Defendant.*"

Then follow the appearances and on page 79 follows what purports to be the evidence. The certificate of the clerk on page 320 of the record is, that:

"The foregoing record from pages 1 to 436 is a true transcript of the evidence introduced in the case of *Milton's Adm'x* v. *The Norfolk & Western Railway Company* and referred to in No.——?"

There is nothing in the record to show that what the clerk has copied for the evidence in the record has ever been seen by the judge or identified by him. There is no ear-mark, such as is mentioned in the bill of exception by the word "evidence" or in the court's order of July 2, 1907, page 71, in which the evidence is described as being "in a bound volume marked 'X.'" In other words there is the mere certificate of the clerk and not of the court that what he has copied from page 1, as he describes it, to page 436, is or was the evidence introduced before the jury on the trial of the case. The clerk has not said it is the paper marked "X" by the judge nor has the clerk said that it

is ear-marked as stated in bill of exception No. 5, page 75. It is separated from the bill of exception and it is after the main certificate of the clerk.

"It is settled practice that the evidence is not a part of the record unless made so by a proper bill of exception. If the evidence is only vouched for by the clerk, it cannot be considered by this court. The making of a bill of exception is a judicial act and cannot be delegated. The trial judge must indicate his approval of the correctness of the evidence by authentication under his own hand." *Blackwood Coal Co.* v. *James,* 107 Va. 659, and cases there cited.

Again the court does not know from this record what were the grounds of demurrer assigned by the defendant. Bills of exception Nos. 6 and 7 are intended to cover the action of the court on two points:

1. That the court erred in giving to the defendant company leave to amend its grounds of demurrer.

2. That the court erred in requiring the plaintiff to join in the demurrer to the evidence.

No. 7 purports to incorporate in it as a part of it, the amended grounds of demurrer, but nowhere in the record will the court find the amended grounds Nos. 4 and 7.

No. 6 is intended to cover the point that it was error in the court to give leave to amend.

We submit that the record is incomplete in a material matter. The court is accordingly asked to decide at the threshold of the case whether this court upon this record can consider the propriety of the circuit court's action when it has not before it the record upon which the court acted.

We submit to the court that the matter of amendment is always one addressed to the sound discretion of the trial judge. Certain grounds of demurrer had been presented to the trial court and objection had been made to their form and substance. The defendant thereupon asked leave to amend, as the record shows, two of the grounds assigned and this leave was given by

the court. The grounds of demurrer were amended and the exercise by the court of its discretion in allowing the amendment is made the subject of error. The plaintiff had not joined in the demurrer and had not been required to join and before she joined she made objection, but before the court passed upon it, leave was given to amend.

We submit that it was clearly in the discretion of the court and not reviewable here under the circumstances of this case. There is not shown to have been any abuse by the court of the discretion vested in it by law. This court cannot consider whether it was error for the circuit court to require the defendant to join in the demurrer after the grounds had been amended under the leave of the court, because the record is not here and all of the presumptions of the law are in favor of the correctness of the decision of the court below. We submit therefore:

1. That the evidence is not a part of the record; and,

2. That the record is incomplete and that this court cannot consider the propriety of the action of the lower court in requiring the plaintiff to join in the demurrer.

Reply of counsel for plaintiff in error.

Answering the preliminary question raised by counsel for defendant in error, on the first page of their brief, as to whether the evidence has been properly made a part of the record, we beg to say that the evidence is clearly a part of the bill of exception No. 5, record, page 75, and the trial judge has indicated his approval of the correctness of the same. This bill of exception recites that the defendant company demurred to the evidence set forth, and then says: "Here insert stenographer's transcript of the evidence endorsed, *Lena May Milton, Adm'x, v. Norfolk & Western Railway Company,* now made a part of the record, marked 'evidence.'" And the judge certifies that this was all the evidence introduced by the parties, and that the defendant demurred to evidence. This bill of exception is

signed by the judge and attested by the clerk. See record, page 75. The clerk then follows the bills of exceptions with the statement and certificate as follows: "I, T. V. Leach, clerk of the Circuit Court of the county of Warren, do certify that the foregoing and *annexed copy* (italics ours) is a true transcript of the record in the suit of *Lena May Milton, Adm'x,* v. *Norfolk & Western Railway Company,* lately pending in the said court." Following that, on the same page, begins a transcript of all the evidence (see page 76 of the record). This is page 1 of the stenographer's record. The evidence and all that relates to the taking of the evidence is concluded on page 436 of the printed record. At the close of the record, the clerk certifies: "The foregoing record, from pages 1 to 436, is a true transcript of the evidence introduced in the case of *Milton's Adm'x* v. *Norfolk & Western Ry. Company"* (see record, page 320); for clerk's, pp. 1 to 436 (see rec., pp. 76 to 314). Objection is made because reference is not made to what the judge terms, in his order of July 2, 1907, "The evidence filed with the said demurrer and now in the record, bound in volume marked 'X';" but the court does ear-mark it, as above set forth, referring to it as the evidence in the case of *Lena May Milton, Adm'x* v. *Norfolk & Western Railway Company.* The bills of exception were not prepared until some time thereafter; and we do not understand that the court in that statement any more than referred to the evidence in that way, because it was contained in volume so marked and designated by the court for convenience. The court has distinctly set his seal of approval on the evidence in the bill of exception No. 5, and, if there be any doubt as to what follows being the evidence in this case, it was the duty of the defendant in error to get a writ of *certiorari* or summons *duces tecum* to the clerk of the trial court, and have the evidence brought up, *but there is no contention on the part of the learned counsel that the evidence the clerk has certified and inserted in bill of exceptions No. 7 is not the true transcript of the evidence in the case.* This is not

a case in which the evidence is only vouched for by the clerk, as in the case of *Blackwood Coal Company* v. *James,* 107 Va., page 656. In that case there was nothing to show that the court ever saw the evidence which the clerk copied into the record. That is not so in the case at bar; for here the evidence is certified to by the judge, in his order of July 2, 1907, "in a bound volume marked 'X'," and also in bill of exceptions No. 5. If the contention of the counsel is correct, then the practice to insert evidence in the middle of the bill of exception is erroneous, and we venture the assertion that the records in this court in a few cases only will show that that is not the practice; nor is it the practice of the learned gentlemen representing the defendant in error, and we here refer to the printed record in the case of the *Norfolk & Western Railway Company* v. *Duke & Rudacille,* in which the same method was followed by the distinguished counsel themselves. On page 40 of that record, in the middle of the bill of exception, they say, "here insert," and refer to it as paper "A," incorporated in bill of exception No. 1, but at page 44 of said record where the evidence begins there is nothing to indicate that it is stenographer's transcript "A." The same method is followed in the case of the *Norfolk & Western Railway Company* v. *MacDonald's Adm'x,* in which one of the learned counsel, Mr. McCormick, together with the very learned counsel, Joseph I. Doran, Esq., were the counsel for the petitioner, at record page 405 of bill of exceptions No. 2, where it is said: "Here insert stenographer's transcript Nos. 1, 2, 3, 4 and 5." By inspection of the record it will be seen that no transcript is so marked, but these directions were simply for the clerk, and the clerk certified at the close of the record as he did in the case at bar, "The foregoing is a true transcript of the record." We do not quote these learned gentlemen as authorities binding upon this court; but we respectfully call the court's attention to the practice as exemplified by so learned and distinguished counsel as the gentlemen representing the defendant in error, and we do not believe so astute and learned

counsel have hertofore so consistently jeopardized their cases
by an erroneous method of getting the evidence in the record,
and we insist that the gentlemen were heretofore right and are
now wrong.  We think this case is entirely covered by the case
of *Jeremy Improvement Company* v. *Commonwealth*, 106 Va.,
482, in which the court says:

"It is usual, and the better practice, for the evidence to be
set out in the bill of exceptions before the signature of the judge
is attached, for thereby all questions of identification of the evi-
dence is removed; but the failure to do this is not fatal, where,
as in the case before us, the certification and identification of
the evidence by the court is complete, and it is, as here, in effect
made part of the bill of exception."

There can be no question about the identification of the evi-
dence which was adduced and passed upon by the court in this
case, and it is set out at the end of the bill of exception which is
signed by the judge instead of being inserted in the middle of
it, is certified to by the clerk as being the evidence which he was
directed to insert in the bill of exceptions and which is the true
evidence certified to by the judge; and so long as the evidence
is not impugned there can be no injury to anyone.

Moreover, the defendant demurred to the evidence and it
was its duty to have tendered all evidence in its demurrer and
seeing that the record made up in the lower court showed that
it had performed this duty.  This it did as shown.  Rec., pp.
70, 71.  The defendant stood by, acquiesced, and agreed to the
entering of said bills of exception and orders and cannot now
be heard to say that the evidence tendered by itself on its de-
murrer and referred to and certified by the trial judge in the
said bill of exceptions No. 5, was not all the evidence it tend-
ered in its demurrer, and which the trial clerk certified is all
the evidence in the case, whether it was marked "X" or not.
Since the record shows that all the evidence in the case was cer-
tified by the trial judge and made a part of the said bill of
exceptions No. 5, and since the clerk has certified that he has

copied all the evidence referred to in said bill of exception No. 5, the objection made by the learned counsel for the first time, in our view of it, sets up neither a good technical nor just defense. Certain it is, that there never was an objection more barren and void of justice and equity.

We respectfully submit that there is sufficient compliance with the rule of the court in this matter, but in order to put the matter beyond any question of doubt we have taken the necessary legal steps to have the whole record brought up for the inspection of the court at the hearing.

The learned counsel, pages 6 and 8 of their brief, raise the further question as to "whether or not the evidence was admissible and can now be considered by this court on the demurrer to evidence to prove the allegations made in the amended declaration?" This question was not raised at the trial in the lower court or before the trial judge when he passed upon and decided the demurrer to the evidence; nor was it assigned as one of the grounds of demurrer to the evidence, and the trial judge had no opportunity and at no time passed upon it, and it is confidently submitted that this question cannot now be raised here on appeal for the first time. The trial court having not passed upon it, no such question is, or can be before this court for review. During the trial of the case the court refused to grant instruction No. 12, record, p. 320, because the matters referred to in said instruction were not sufficiently set out in the declaration. The plaintiff's counsel, although not agreeing with the learned trial judge, but in order to comply strictly with his ruling, moved the court for leave to amend the original declaration, which motion the defendant objected to, but the court overruled defendant's objection and permitted the amended declaration to be filed. To this action of the court in permitting the plaintiff to amend her declaration, the defendant noted an exception, *but filed no bill of exception in the record.* Thereupon, the defendant demurred to the evidence and the case was argued before the jury upon the allegations

of negligence set out in both the declaration and amended dec-
laration and the evidence offered in support of those allegations.
No questions were then raised or suggestions then made by the
learned counsel for the defendant that the evidence was not
admissible in support of the allegations of the amended declara-
tion.   At the trial before the jury and upon the argument of
the demurrer before the judge, the evidence was treated by all
of the parties as admissible in support of the allegations of both
the original and amended declaration.   If this question had
been raised in the trial court or at the trial of the case when the
declaration was amended, the plaintiff in error would have had
opportunity to have had all the evidence offered at the trial
formally offered in support of the allegations contained in the
amended declaration, or if it had been raised before the trial
judge at the time he decided the demurrer to the evidence he
could, if he had thought there was any merit in the question,
have overruled the demurrer to the evidence, set aside the ver-
dict of the jury and ordered a new trial.   If there is any merit
in this contention now, and if this honorable court should regard
this question as now before it, it is respectfully submitted that
the proper course would be to overrule the demurrer to the evi-
dence, reverse the judgment of the lower court and remand the
case for a new trial.   Moreover, if this honorable court should
regard this question as now properly before it, then the defend-
ant in error is here alleging error at the trial and puts himself
in the position of uniting with the plaintiff in asking that the
judgment of the lower court be reversed and set aside, and both
in justice and law, if the court should hold this to be reversible
error, the case should be sent back for a new trial.   For the
court to now sustain the demurrer on this ground—assigned as
a ground of demurrer to the evidence, for the first time in this
court and upon which there was and never has been any joinder
by plaintiff in error and no decision by the trial court—would
be to work an injury and wrong to the plaintiff in error without
giving her a remedy or opportunity to right this wrong.

*O'Flaherty & Fulton* and *R. F. Leedy,* for the plaintiff in error.

*Downing & Weaver, Marshall McCormick* and *Theodore W. Reath,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Lena May Milton, administratrix of her husband, John W. Milton, deceased, against the Norfolk & Western Railway Company, to recover damages for the alleged negligent killing of her intestate by the defendant company. A demurrer to the evidence by the company was sustained, and judgment rendered in its favor. To that judgment a writ of error was awarded.

There is no merit in the contention made by the defendant company that the evidence delivered at the trial has not been sufficiently certified to this court.

The plaintiff's intestate was employed by the defendant as fireman upon a train consisting of tender and engine, seven cars—four loaded and three empty—and a caboose. At the time of the accident the engine was running backwards, with the tender in front, the occasion for this method of running the train being that there was no turntable at Riverton, from which point the train returned with a heavier load to Shenandoah. About one mile north of Limeton, on the 25th of June, 1906, the engine and tender left the track, the former going on one side and the latter on the other. The engine turned over, with the result that both the fireman and engineman were killed.

The evidence tended to prove, that this train, with its engine and tender being operated backward, was, at the time of the accident, six hours behind its schedule time, and running, under the circumstances, at a dangerous rate of speed, down grade and around an eight-degree curve; that for 150 or more yards be-

fore the point of the accident was reached, the tender was rocking and swaying backward and forward in an unusual and dangerous manner; that the train, equipped as it was, could have been stopped after the unusual rocking was first seen and before the engine came to the point where it jumped the track. The evidence further tends to prove, that the accident resulted from the train being run with the engine and tender operated backward; and that an engine is more likely to fly the track running backward, as this was, than if run in the usual and ordinary way.

The rule governing courts in considering a case where there is a demurrer to the evidence has been so frequently and clearly stated by this court that it hardly seems necessary to again elaborate that subject. In brief it may be said, that, if upon a demurrer to the evidence, the evidence is such that a jury might have found a verdict for the demurree, the court must so find, and grant judgment in his favor. *C. & O. Ry. Co.* v. *Pierce,* 103 Va. 99, 48 S. E. 534; *Citizens Bank* v. *Taylor,* 104 Va. 164, 51 S. E. 159; *Johnston* v. *Moore Lime Co.,* 104 Va. 650, 52 S. E. 360; *Lane Bros.* v. *Bott,* 104 Va. 615, 52 S. E. 258. And, further, where reasonably fair-minded men might differ about a question, such question must be decided against the demurrant on a demurrer to the evidence. *Bass* v. *Norfolk, &c. R. Co.,* 100 Va. 1, 40 S. E. 100.

A circumstantial review of the evidence in this case would serve no good purpose. It is enough to say of it that, under the rule adverted to, the evidence and the inferences which might have been drawn from it, are quite sufficient to have warranted the jury in finding that the defendant company was guilty of negligence, and that such negligence caused the death of plaintiff's intestate, without fault on his part.

Upon all the facts and circumstances of the case, considered as on a demurrer to the evidence, we cannot say, as a matter of law, that the injury complained of was not more naturally to be attributed to the negligence of the defendant than to any

other cause. A plaintiff in an action to recover damages for personal injuries is no more required to prove his case beyond a reasonable doubt than in any other civil action. All that he is required to do to make out a *prima facie* case is, to make it appear to be more probable that the injury was the proximate result of the defendant's negligence than any other cause. *Wood* v. *Southern Ry. Co.,* 104 Va. 650, 52 S. E. 371.

This conclusion makes it unnecessary to consider other grounds of error assigned in the petition to this court.

For these reasons, the judgment complained of must be reversed, the demurrer to the evidence overruled, and judgment entered here in favor of the plaintiff for the damages ascertained by the verdict of the jury.

*Reversed.*