## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

## WOOD AND OTHERS V. PHILLIPS.

### September 9, 1915.

1. DEMURRER TO EVIDENCE—*Party Having Burden of Proof—Eject-ment.*—A demurrer to the evidence by a party having the burden of proof, although not usually available to such a party, is nevertheless an open and safe proceeding for him if he has established a *prima facie* case by evidence not in conflict with any other evidence in the case; and this is true even in an action of ejectment where the burden upon the plaintiff is peculiarly onerous.

2. EJECTMENT—*Burden of Proof—Demurrer to Evidence.*—The burden is upon the plaintiff in ejectment to establish the identity of the land claimed in his declaration and its location within the boundary covered by his title papers. Where there is a common source, but each claims under a separate survey and the evidence relative thereto, and reasonable men might differ as to whether any of the land in controversy was embraced in the survey offered by the defendant, then upon a demurrer to the evidence by the plaintiff, judgment should be entered for the defendant.

3. DEMURRER TO EVIDENCE—*Admissions—Waiver.*—By demurring to the evidence the party demurring admits the truth of his adversary's evidence and all just inferences therefrom, and waives all of his own evidence in conflict therewith, and also all inferences from his own evidence (although not in conflict with demurrer's) not necessarily resulting therefrom.

4. DEMURRER TO EVIDENCE—*Improper Evidence Received—Effect.*—As a general rule the improper admission of evidence, even where it is doubtful whether its admission was or was not prejudicial, constitutes reversible error; but the general rule is subject to the exception that if in such case there is a demurrer to the evidence, and an alternative verdict, and after disregarding, upon such demurrer, such illegal evidence, and treating the residue of the evidence as is proper under the rules applicable to demurrers to evidence, there is plainly enough evidence to sustain a judgment for the demurree, the admission of the illegal evidence will not reverse, otherwise it will.

· Error to a judgment of the Circuit Court of Floyd county in an action of ejectment.  Judgment for defendants.  Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*J. E. Proffit, R. I. Roop* and *W. B. Kegley,* for the plaintiffs in error.

*C. B. & H. M. Moomaw, R. F. Tompkins, G. W. Agnew; B. G. Howard* and *Sowder & Burwell,* for the defendants in error.

Kelly, J., delivered the opinion of the court.

The land in controversy in this action of ejectment is a part of a tract of 45,000 acres granted by the Commonwealth to Austin Nickols.  The title to the latter subsequently became vested in John Belden.  The plaintiffs, Wood and others, claim through sundry *mesne* conveyances under a deed from John Belden to William Wade, dated October 27, 1830, for 25,000 acres.  The defendant, Phillips, claims under a deed from John Belden to Jacob Helm, dated October 15, 1834.  It is conceded that both of these last mentioned deeds conveyed lands lying within the Austin Nickols boundary.  The plaintiffs and defendant, therefore, claim under a common source of title, and it is apparent that if the deed from Belden to Wade covers the land in dispute the plaintiff's title, being prior in time, must prevail.  The controversy is thus reduced to a question of the location of the land.  There was, it is true, some evidence upon the question of adversary possession, but it was altogether insufficient to affect the result, and requires no further discussion.

The first, and, in our view, the controlling question in the case, is whether the plaintiffs have sustained the burden, which rests upon them, of showing that the land in controversy is within the 25,000 acre boundary described in the deed from Belden to Wade.

After the evidence on both sides had been concluded, the plaintiffs demurred to the defendant's evidence, but the court overruled the demurrer and rendered a judgment for defendant upon the conditional verdict of the jury in his favor. This action of the court is the ground of the first assignment of error.

The principles applicable to demurrers to the evidence have been frequently and fully discussed in the decisions of this court and are perfectly well settled. A demurrer to the evidence by a party having the burden of proof, although not usually available to such party, is nevertheless an open and safe proceeding for him if he has established a *prima facie* case by evidence not in conflict with any other evidence in the case. *Bonos* v. *Ferries Co.*, 113 Va. 495, 496, 75 S. E. 126; Burks' Pl. & Pr., sec. 258, p. 486. And this is true even in an action of ejectment where the burden upon the plaintiff is peculiarly onerous. See *Fentress* v. *Pocahontas*, 108 Va. 155, 157, 60 S. E. 633, in which, though the demurrer to the evidence was tendered by the defendant, the reasoning of the court leads necessarily to the conclusion that where plaintiffs and defendants in ejectment stand solely upon title papers connecting them with a common source of title, without any dispute as to the fact that the senior papers cover the land in controversy, the holder of the senior title, whether he be plaintiff or defendant, must prevail upon his demurrer to the evidence.

In the instant case, however, the location is in dispute, and upon the plaintiffs' demurrer to the evidence we are of opinion that the law is with the defendant. In order to

establish the location of the 25,000 acre tract, and to show that the boundaries thereof embrace the land in controversy, the plaintiffs rely mainly upon a survey and report of J. A. Sowers, the surveyor appointed in the case to do such surveying as either party might require. This surveyor was shown to have been qualified for the work by a long practical experience as county surveyor. The correctness of his report has been the subject of considerable discussion, pro and con, by counsel. We cannot, however, inquire into the correctness of his work or the weight of his evidence, if they are in appreciable conflict with other evidence in the case. The defendants, under a stipulation of counsel, introduced the report and map made nearly forty years ago by William A. Lee, the surveyor in the case of *Turpin* v. *Saunders*, 32 Gratt. (73 Va.) 27, together with Lee's testimony thereon. It is strongly contended on the part of the plaintiffs that the Sowers and Lee surveys are practically the same as to the boundary lines of the 25,000 acres, and that both surveys show that these lines embrace the land in controversy. On the other hand, the defendant contends with equal earnestness that the two surveys are substantially dissimilar, and that the Lee survey shows that none of the land in controversy lies within the 25,000 acre tract.

We will not enter into any extended discussion of the two surveys and the evidence bearing thereon. A careful consideration convinces us that reasonable men, upon a comparison of the two surveys and the evidence relative thereto, might differ as to whether, under the location of the 25,000 acre boundary as determined by the surveyor, Lee, in *Turpin* v. *Saunders*, any part of the land here sued for was embraced therein. This being true, the plaintiffs' demurrer to the evidence was properly overruled. *N. & W. Ry. Co.* v. *Dean*, 107 Va. 505, 507, 59 S. E. 389. The burden, of course, was upon the plaintiffs to establish the identity of

111

the land and its location within the boundary covered by their title papers. *Springs* v. *Jamerson*, 115 Va. 250, 600, 30 S. E. 438; *Miller* v. *Holt*, 47 W. Va. 7, 34 S. E. 956. Until the plaintiffs did this the defendant was not required to introduce any proof. If we concede (a proposition none too clear under the authorities last above cited) that the Sowers survey, with the evidence tending to support it, was sufficient to make out a *prima facie* case for the plaintiffs, the Lee survey, with the evidence bearing thereon, broke down the case as thus made by the plaintiffs, for, by demurring to the evidence, they admitted the truth of the defendant's evidence and all just inferences therefrom and waived all their own evidence in conflict therewith, and also waived all inferences from their own evidence (although not in conflict with defendant's) not necessarily resulting therefrom. See *Johnson* v. *C. & O. Ry. Co.*, 91 Va. 171, 174, 21 S. E. 238, and many subsequent decisions of this court re-affirming this rule. Under the Lee map and report, in the light of all the evidence, the jury might fairly have believed that the Sowers survey did not correctly locate the 25,000 acre tract, particularly as to the eastern and southern lines thereof, and that upon a proper location, the lines of this tract would not embrace any part of the land in dispute. And as the jury might have reached this conclusion, the demurrer must be overruled.

The second assignment of error is directed to the action of the court in admitting, over the objection of the plaintiffs, certain evidence offered by the defendant. While the admission of this evidence might have been regarded as prejudicial, and therefore as ground for reversal, if the case had gone to the jury, the plaintiffs, having withdrawn the case from the jury by their demurrer, cannot now, under our view of the remaining evidence in the case, avail themselves of the error, if such it was. The general rule is that the improper admission of evidence, even where

there is doubt whether such evidence was or was not pre-judicial, constitutes reversible error.   "But the general rule is subject to the exception, that 'if in such case there is a demurrer to the evidence, and an alternative verdict, and, after disregarding upon such demurrer such illegal evidence, and treating the balance of the evidence as is proper under the rules applicable to demurrers to evidence, there is plainly enough evidence to sustain a judgment for the demurree, the admission of the illegal evidence will not reverse, otherwise it will.' *Taylor* v. *B. & O. R. Co.* 33 W. Va. 39, 10 S. E. 29." *Lane Bros. Co.* v. *Botts,* 104 Va. 615, 617, 52 S. E. 258, 259.

If the evidence complained of here be disregarded en-tirely, the law of the case upon the demurrer is still with the defendant.

There was no error in the decision of the circuit court and its judgment is affirmed.

*Affirmed.*